IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| YOUSEFF MALEEK FLOUNOY, DERRICK ALONZO BOYD, CHARLES BLAKE REDDICK, and JOHN CLEVELAND,<br><br>Plaintiffs,<br><br>v.<br><br>ENZO'S PIZZA, LLC and THOMAS T. TILLOTSON,<br><br>Defendants. | CIVIL ACTION NO. |

## COMPLAINT

### INTRODUCTION

Plaintiffs, by and through the undersigned counsel, bring this complaint for damages and other relief against Defendants and state and allege as follows:

### PARTIES

1. Plaintiff Youseff Maleek Flounoy is a resident of Atlanta, Georgia.

2. Plaintiff Derrick Alonzo Boyd is a resident of Doraville, Georgia.

3. Plaintiff Charles Blake Reddick is a resident of Norcross, Georgia.

4. Defendant Enzo's Pizza, LLC ("Enzo's Pizza") is a domestic Georgia corporation with its principal office address, as recorded with the Georgia Secretary of State, being 930 Greenwood Avenue, #12, Atlanta, Georgia 30306.

5. On information and belief, Defendant Thomas T. Tillotson is Chief Executive Officer and owner of Defendant Enzo's Pizza.

6. Defendant Thomas T. Tillotson is the registered agent for Defendant Enzo's Pizza.

7. Defendant Enzo's Pizza may be served with the summons and the complaint in this civil action by service upon its registered agent, Defendant Tillotson, at 930 Greenwood Avenue, #12, Atlanta, Georgia 30306.

**JURISDICTION AND VENUE**

8. Plaintiffs bring this action against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") for failure to pay overtime compensation at the proper rate as required by the FLSA, and, therefore, this Court has original jurisdiction over this case based on 28 U.S.C. § 1331.

9. This Court may exercise supplemental jurisdiction over Plaintiffs' state law claim under 28 U.S.C. §1367.

10. Under 28 U.S.C. § 1391, venue is proper in the United States District Court for the Northern District of Georgia because: (1) all of the Defendants reside

within the state of Georgia, and at least one Defendant resides within the Northern District of Georgia and (2) a substantial part of the events or omissions giving rise to Plaintiffs' claims, as described in this complaint, occurred within the Northern District of Georgia.

11. Enzo's Pizza owns and operates two restaurant locations that sell food and drink to the public.

12. In the three years prior to the filing of this complaint, Enzo's Pizza has been and continues to be engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

13. In the three years prior to the filing of this complaint, the Defendants have been and continue to be "employers" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

14. Defendants employed the Plaintiffs, all of whom were engaged in interstate commerce and/or in the production of goods for commerce.

15. On information and belief, Enzo's Pizza has had an annual gross volume of sales made or business done in excess of $500,000.00.

16. Defendant Tillotson owns and operates Defendant Enzo's Pizza.

17. Defendant Tillotson directly and indirectly controls, determines, and directs the day-to-day operations of Defendant Enzo's Pizza.

18. Defendant Tillotson directly and indirectly sets Defendant Enzo's Pizza's payroll, compensation, scheduling, and other employment policies.

19. Defendant Tillotson had the power to hire and fire the Plaintiffs when they were employed at Enzo's Pizza.

20. Defendant Tillotson directly supervised and controlled work schedules and other terms of employment of the Plaintiffs when they were employed at Enzo's Pizza.

21. For example, Defendant Tillotson reviewed and approved the weekly schedules of the Plaintiffs when they were employed at Enzo's Pizza.

22. As another example, Defendant Tillotson determined the rate and method of payment for the Plaintiffs when they were employed at Enzo's Pizza.

23. Defendant Tillotson maintains the employment records of the Plaintiffs related to their employment at Enzo's Pizza.

24. Defendant Tillotson maintains the wage and hour records of the Plaintiffs related to their employment at Enzo's Pizza.

25. Defendant Tillotson has the ultimate power to make binding policy decisions for Enzo's Pizza.

26. Defendant Tillotson was an employer of the Plaintiffs for the purposes of the FLSA when they worked at Enzo's Pizza.

## FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFFS' CLAIMS

27.     Plaintiff Flounoy worked at Enzo's Pizza from on or about September 23, 2010 through on or about October 30, 2011.

28.     Plaintiff Flounoy was employed as a Cook when he worked at Enzo's Pizza.

29.     Plaintiff Flounoy's starting rate of pay was $8.50 per hour when he began working at Enzo's Pizza.

30.     Plaintiff Flounoy's rate of pay when his employment at Enzo's Pizza was terminated was $10.00 per hour.

31.      Plaintiff Boyd worked at Enzo's Pizza from on or about August 10, 2010 through on or about December 25, 2011.

32.     Plaintiff Boyd was employed as a Cook and Dishwasher when he worked at Enzo's Pizza.

33.     Plaintiff Boyd's starting rate of pay was $8.00 per hour when he began working at Enzo's Pizza.

34.     Plaintiff Boyd's ending rate of pay when his employment at Enzo's Pizza was terminated was $9.50 per hour.

35.     Plaintiff Reddick worked at Enzo's Pizza from on or about July 10, 2009 through on or about December 15, 2011.

36. Plaintiff Reddick was initially hired as a Dishwasher and subsequently was employed as a Cook when he worked at Enzo's Pizza.

37. Plaintiff Reddick's starting rate of pay was $7.50 per hour when he began working at Enzo's Pizza.

38. Plaintiff Reddick's rate of pay when his employment at Enzo's Pizza was terminated was $11.00 per hour.

39. Plaintiffs also participated in a "tip pool" with other employees.

40. Each Plaintiff received approximately $6.00 to $20.00 in tips per day worked, which raised their effective regular hourly rate by approximately $0.70 to $2.50 per hour worked.

41. Plaintiffs used a manual "punch" time clock to record their hours worked.

42. Plaintiffs were not paid a guaranteed minimum weekly amount of at least $455.00 per week.

43. Instead, Plaintiffs were paid on a straight hourly rate basis for their recorded work hours.

44. Plaintiffs regularly worked in excess of 40 hours per workweek.

45. However, Plaintiffs were not paid the legally required overtime premium rate of 1.5 times their regular hourly rate for all hours worked in excess of 40 hours per workweek.

46. Instead, Plaintiffs were paid their straight regular hourly rate for all recorded work hours in excess of 40 hours per workweek until approximately September of 2011, when Defendants changed their overtime policy.

47. In addition, Defendants regularly suffered and/or permitted Plaintiffs to work off the clock, and Plaintiffs were not paid at all for those hours worked off the clock.

48. On information and believe, until approximately September of 2011, Defendants posted the legally required notice of Plaintiff's rights under the FLSA. However, when Plaintiff Flounoy asked about being paid overtime, Defendant Tillotson pulled the notice off of the wall.

## COUNT I

## AGAINST DEFENDANT ENZO'S PIZZA AND DEFENDANT TILLLOTSON

## WILLFUL FAILURE TO PAY ALL HOURS WORKED IN EXCESS OF 40 HOURS PER WEEK AT THE REQUIRED OVERTIME RATE IN VIOLATION OF THE FLSA

49. Defendants had a policy and practice of regularly not paying Plaintiffs for all hours worked in excess of 40 hours in a workweek at the premium overtime rate of 1.5 times their regular rate, as required by the FLSA.

50. For example, as shown in Plaintiff Flounoy's paystub for the 7 day pay-period of February 28, 2011 through March 6, 2011, Defendants paid Plaintiff Flounoy for 46 hours of "[r]egular" time at the rate of $10.00 per hour. However, Defendants failed to pay Plaintiff Flounoy at a rate not less than 1.5 times his regular rate for the 6 of hours of overtime that he worked.

51. A true and correct copy of Plaintiff Flounoy's paystub for the 7 day pay period of February 28, 2011 through March 6, 2011 is attached to this complaint as Exhibit A.

52. In addition, Defendants suffered and/or permitted Plaintiffs to work off the clock and did not pay Plaintiffs for off-the-clock hours worked in excess of 40 hours per workweek at the premium overtime rate of 1.5 times their regular rate, as required by the FLSA.

53. Defendants failed to maintain accurate records of Plaintiffs' actual work hours.

54. Therefore, Defendants failed to comply with the record keeping requirements of the FLSA.

55. Defendants' failure to pay Plaintiffs 1.5 times their regular rate for all hours worked in excess of 40 hours in a workweek is in violation of the FLSA.

56. Defendants, pursuant to their policies and practices, willfully refused and failed to pay Plaintiffs the premium overtime rate for all hours worked in excess of 40 hours per workweek.

57. Defendants lacked reasonable grounds for believing their pay practices comported with the requirements of the FLSA.

58. Defendants' conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

59. Plaintiffs seek damages in the amount of their unpaid overtime wages, liquidated damages as provided under the FLSA, and such other legal and equitable relief as the Court deems proper.

60. Plaintiffs also seek the recovery of their attorney's fees and costs as provided by the FLSA.

61. Defendants were joint employers of Plaintiffs when they worked at Enzo's Pizza, and, therefore, Defendants are jointly and severally liable to Plaintiffs for their unpaid back wages, liquidated damages, and attorney's fees.

## COUNT II

## AGAINST DEFENDANT ENZO'S PIZZA

## BREACH OF CONTRACT

62. Each Plaintiff had an oral agreement with Defendant Enzo's Pizza to perform services as an at-will employee in exchange for payment of wages.

63. Under the terms of their respective oral agreements, Plaintiffs were to be paid on an hourly rate as set forth in Paragraphs 27 through 38 of this complaint.

64. Plaintiffs performed services for Defendant Enzo's Pizza as at-will employees under the terms of their oral contracts with Defendant Enzo's Pizza.

65. Defendant Enzo's Pizza breached its oral contracts with Plaintiffs by failing to pay Plaintiffs their agreed upon hourly rate for all hours worked, specifically including but not limited to hours Plaintiffs worked off the clock.

66. As a result of Defendant Enzo's Pizza's breach of their respective oral contracts, Plaintiffs have suffered damages in an amount equal to their unpaid wages.

67.     Defendant Enzo's Pizza's decision not to pay Plaintiffs all wages they earned for services actually performed was for arbitrary or capricious reasons, was based on an improper pecuniary motive, or was predicated on dishonesty or illegality.

68.     Therefore, Defendant Enzo's Pizza's breach of its oral agreements with Plaintiffs was in bad faith and was a breach of Defendant's implied duty of good faith and fair dealing.

69.     Thus, Plaintiff is entitled to recover an amount equal to their unpaid wages, plus interest, and their attorney's fees and litigation expenses.

## **PRAYER FOR RELIEF**

Based on the allegations set forth in this complaint and the evidence as it is developed in this case, Plaintiffs respectfully pray that:

- the Court enter judgment in favor of Plaintiffs as to each of the claims in this complaint;
- as to Count I, the Court enter judgment against Defendants that their violations of the FLSA were willful;
- as to Count I, the Court enter judgment in favor of Plaintiffs and award them their unpaid overtime wages and liquidated damages in an equal amount as provided for under the FLSA

- and such other legal and equitable relief as the Court deems proper;

- as to Count II, the Court enter judgment in favor of Plaintiffs and award them their unpaid wages due to Defendant Enzo's Pizza's breach of its oral agreements with Plaintiffs, plus interest;

- the Court enter judgment in favor of Plaintiffs and award them all costs and attorney's fees incurred in prosecuting these claims as provided for under the FLSA and Georgia state law; and

- the Court grant Plaintiffs all other further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.

Dated:  February 23, 2012

                                                Respectfully submitted,

                                                s/G. Blake Andrews
                                                Gary Blaylock "Blake" Andrews, Jr.
                                                Georgia Bar No. 019375
                                                Blake Andrews Law Firm, LLC
                                                2221 Peachtree Road NE, Suite X5
                                                Atlanta, GA 30309
                                                Telephone: 770-828-6225
                                                Facsimile: 866-828-6882
                                                blake@blakeandrewslaw.com

| | |
|---|---|
| | /s/ Jeff Kerr |
| **MAYS & KERR LLC** | Jeff Kerr |
| 229 Peachtree Street NW | Ga. Bar No. 634260 |
| International Tower \| Suite 950 | jeff@maysandkerr.com |
| Atlanta, GA 30303 | |
| Telephone:  (404) 410-7998 | John L. Mays |
| Facsimile:   (877) 813-1845 | Ga. Bar No. 986574 |
| Attorneys for Plaintiff | john@maysandkerr.com |